IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>HERMANN SERVICES, INC., d/b/a HERMANN TRANSPORTATION SERVICES, INC., and JEFFREY HERMANN, Individually,<br><br>    Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, WALTER JONES ("Plaintiff" or "Jones"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant HERMANN SERVICES, INC., d/b/a HERMANN TRANSPORTATION SERVICES, INC. ("HTS"), and JEFFREY HERMANN, Individually ("Hermann"), (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all Defendants are residents of the State of New Jersey.

5. At all times material hereto, Plaintiff performed non-exempt duties for the Defendants based from their Northeast, Maryland location.

6. Defendants' corporate headquarters are located in Monmouth Junction, New Jersey, and HTS is thus within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, HTS, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants are in the business of warehousing, transportation, truck leasing, and plastics packaging, amongst other business. Amongst other interstate activities, Defendants' trucks travel throughout the country or at least within the states on the Eastern seaboard.

8. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for Defendants' consumers. More specifically, Plaintiff, who was located in a Maryland branch of the company, regularly communicated with Defendants' employees in North Carolina as well as with Defendants' employees in New Jersey. Thus, Plaintiff falls within the protections of the Act.

9. Defendants are therefore within the personal jurisdiction and venue of this Court.

10. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff.

## PARTIES

**Plaintiff Walter Jones**

11. Plaintiff is an individual residing in Havre De Grace, Maryland.

12. Plaintiff was employed by Defendants performing logistics work from in or about July 2018, through in or about February, 2019.

13. Plaintiff was paid a salary of $1,067.31 per week, unless he worked the weekend, in which case he was paid $1167.31.

14. Plaintiff was never paid for his overtime hours worked.

**Defendant Hermann Services, Inc.**

15. Defendant, HTS is a New Jersey corporation, which provides, amongst other things, trucking services in several states throughout the country.

16. At all times relevant to this Complaint, Defendants employed Plaintiff to work on their behalf in providing labor for their benefit.

17. At all times relevant to this Complaint, HTS's annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, HTS was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

19. HTS regularly performed work outside of the State of New Jersey, providing transportation services throughout the United States.

**Defendant Jeffrey Hermann**

20. Upon information and belief, Defendant Jeffrey Hermann is a New Jersey state resident.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Hermann has been an owner, partner, officer and/or manager of HTS.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Hermann has had power over personnel decisions at HTS.

23. Defendant Hermann was present at the New Brunswick location every day, and, along with his Human Resources Department, managed the day to day operations, controlled the employees, pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

**FACTS**

24. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for his overtime hours worked in a work week.

25. Plaintiff was employed by Defendants performing logistics work from in or about July 2018, through in or about February 2019.

26. Plaintiff was paid a salary of $1,067.31 per week, unless he worked the weekend, in which case he was paid $1167.31.

27. Plaintiff was not paid for his overtime hours worked.

28. Plaintiff routinely worked approximately fifty-five (55) hours per week, excluding his on-call time, which he performed every third weekend. His on-call weekends actually translated to an additional forty (48) hours of work every three weeks.

29. Although Plaintiff was titled as an "Operations Supervisor", he had no supervisory duties whatsoever. One of Plaintiff's primary job duties was to locate driving jobs

4

for Defendants' North Carolina drivers, these jobs which would then be approved, negotiated and/or contracted by Plaintiff's supervisor.

30. Plaintiff was also required to field problem calls from Defendants' North Carolina drivers and send them to the proper HTS authority, either his direct supervisor or the mechanics department in New Jersey.

31. Finally, Plaintiff was required to log the North Carolina drivers' hours and mileage in accordance with HTS and DOT requirements.

32. Although Plaintiff was titled as a supervisor, Plaintiff had no independent discretion.

33. Plaintiff did not hire and fire.

34. Plaintiff did not supervise.

35. Plaintiff did not set rates of pay.

36. Defendants required Plaintiff to clock in and out when he presented to work Monday through Friday.

37. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

38. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

39. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

41. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 41 above.

43. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each and every overtime hour worked per work period.

44. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

45. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

47. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 46 above.

48. Defendants' aforementioned conduct is in violation of the NJWHL. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered damages, including but not limited to past lost earnings.

49. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff WALTER JONES, demands judgment, against Defendants, HERMANN SERVICES, INC., d/b/a HERMANN TRANSPORTATION SERVICES, INC., and JEFFREY HERMANN, Individually, for the payment of compensation for all overtime hours at one and one-half times his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 7, 2019

Respectfully submitted,

s/ Jodi Jaffe
Jodi J. Jaffe, Esq.
E-mail: jjaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esquire
E-mail: aglenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
**JAFFE GLENN LAW GROUP, P. A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*